UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ZACHARY HUNT,

    Plaintiff,

    v.

RON N. DEL POZZO, et al.,

    Defendants.

No. C 12-4700 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.*

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) California state judge Ron Del Pozzo detained him without probable cause, and denied him various rights at his court appearances; (2) Judge Del Pozzo ordered two bailiffs to use excessive force on him; (3) those bailiffs used excessive force on him; (4) California state judge Philip Pennypacker denied him various rights during his court appearances; (5) San Jose Deputy District Attorney Daniel Okonkwo detained him without probable cause, and is guilty of the abuse of discretion and malicious prosecution. Plaintiff asks for money damages.

Claims 1 and 4 are DISMISSED WITH PREJUDICE. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). Ordering plaintiff detained pursuant to a court-process certainly qualifies as an act within a judge's judicial capacity. Claim 2 is also DISMISSED WITH PREJUDICE. The facts alleged do not show that Judge Del Pozzo

ordered bailiffs to use excessive force against plaintiff. According to plaintiff, the bailiffs roughly removed him from the courtroom at the orders of Judge Del Pozzo. This does not constitute the ordering of the use of excessive force. Even if bailiffs handled plaintiff roughly after responding to Judge Del Pozzo's orders, plaintiff has alleged no facts showing that defendant ordered such rough treatment, or that he acted in the clear absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. at 356–57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)).

Claim 3 may contain sufficient factual matter to state a claim for excessive force. Plaintiff, however, fails to provide the names or any descriptions of these bailiffs. Accordingly, these claims are DISMISSED with leave to amend. In his amended complaint, plaintiff must provide sufficient information to identify the bailiffs. Also, plaintiff must allege facts that show that the bailiffs used force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

Claim 3 is DISMISSED with leave to amend. In order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The instant complaint contains no such showing. In his amended complaint, plaintiff must show that the resulting conviction has been reversed or declared invalid.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-4700 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and

all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the first amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: January 14, 2013

RICHARD SEEBORG
United States District Judge