*E-Filed 5/21/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ZACHARY HUNT,

    Plaintiff,

v.

RON N. DEL POZZO, et al.,

    Defendants.

No. C 12-4700 RS (PR)

**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED**

    In this federal civil rights action, plaintiff alleges that two bailiffs in the San Jose Superior Court used excessive force on him on October 27, 2011. His claims against two state court judges and the local prosecutor were dismissed with prejudice in a prior order, and the Court DENIES his motion to reconsider its dismissal of those claims (Docket No. 9). His motion for discovery (Docket No. 10) is DENIED without prejudice. Plaintiff may refile such motion after he has filed a response to this order.

    It appears that plaintiff has not exhausted his administrative remedies concerning the bailiffs' alleged use of excessive force. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5.

As it appears that plaintiff has not exhausted his administrative remedies, the Court orders him to show cause why the action should not be dismissed for failure to exhaust. Plaintiff shall file an appropriate response to this order on or before July 1, 2013. Failure to file by such date will result in the dismissal of the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk shall terminate Docket Nos. 9 and 10.

**IT IS SO ORDERED**.

DATED: May 21, 2013

RICHARD SEEBORG
United States District Judge